IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**LAWAYNE NATT**  **PLAINTIFF**
Reg. # 14733-010

v.     Case No. 4:18-cv-00885-KGB-BD

**JERRY HOWARD**  **DEFENDANT**

## ORDER

Before the Court is a Recommended Disposition submitted by United States Magistrate Judge Beth Deere (Dkt. No. 28). Plaintiff LaWayne Natt filed an objection to the Recommended Disposition (Dkt. No. 29). Also before the Court are a motion for appointment of counsel, motion to compel, and motion for copies filed by Mr. Natt (Dkt. Nos. 37, 41, 42). After a careful review of the Recommended Disposition, Mr. Natt's objections, and a *de novo* review of the record, the Court adopts the Recommended Disposition as its findings in all respects (Dkt. No. 28).

   I.   **Background**

Mr. Natt filed this action *pro se* pursuant to 42 U.S.C. § 1983 on November 27, 2018, alleging that he was assaulted by Sergeant Jerry Howard and that he was not given proper medical treatment (Dkt. No. 1. ¶ 10). On February 5, 2019, Judge Deere granted Mr. Natt's motion for leave to proceed *in forma pauperis* (Dkt. No. 7). Judge Deere ordered the Clerk of Court to prepare a summons and directed the U.S. Marshal to serve copies of the complaint and summons to Sergeant Howard through the Arkansas Department of Correction ("ADC") Compliance Division (Dkt. No. 8). On April 18, 2019, the summons was returned unexecuted (Dkt. No. 9). On April 23, 2019, Judge Deere directed the U.S. Marshal to serve Sergeant Howard with a summons and copy of the complaint at his private mailing address, which was provided under seal (Dkt. No. 10). On July 18, 2019, the second summons was returned unexecuted (Dkt. No. 16). On July 19, 2019,

Judge Deere directed the U.S. Marshal to serve Sergeant Howard *personally* at his last-known address, which was provided under seal (Dkt. No. 17) (emphasis in original). On August 12, 2019, the third summons was returned unexecuted (Dkt. No. 22).

On September 5, 2019, Judge Deere gave Mr. Natt an additional 30 days to serve Sergeant Howard (Dkt. No. 24). Judge Deere explained that, if Sergeant Howard was not served with process in that time, the claims against him would be dismissed (*Id.*). In response, Mr. Natt moved for additional time to serve Sergeant Howard (Dkt. No. 26). On September 20, 2019, Judge Deere extended the deadline to serve Sergeant Howard to October 7, 2019, and warned that the Court would not extend the deadline further (Dkt. No. 27).

**II.     Judge Deere's October 22, 2019, Recommended Disposition**

Pending before the Court is Judge Deere's October 22, 2019, Recommended Disposition in which Judge Deere recommends that Mr. Natt's claims against Sergeant Howard be dismissed without prejudice for failure to effect service of process within the time allowed (Dkt. No. 28). Mr. Natt objects to Judge Deere's Recommended Disposition, claiming that he has vigorously tried, with the limited resources available to him, to find a valid, legitimate address for Sergeant Howard (Dkt. No. 29).

This Court deferred ruling on Judge Deere's Recommended Disposition, given the challenges identified by Mr. Natt in his objections, to provide Mr. Natt additional time to serve Sergeant Howard with process. On January 29, 2021, the Court granted Mr. Natt's motion to amend complaint and directed Mr. Natt to file an amended complaint within 30 days from entry of the Order (Dkt. No. 33). Specifically, the Court directed Mr. Natt to provide the Court with sufficient information to permit service Sergeant Howard (*Id.*). On September 2, 2021, this Court

granted Mr. Natt's motion for extension of time and directed Mr. Natt to file his amended complaint within 90 days of entry of the Order (Dkt. No. 36).

Mr. Natt timely filed an amended complaint on September 21, 2021 (Dkt. No. 38). In his amended complaint, Mr. Natt requests that the Court "replace the defendant Jerry Howard with his employer, the Arkansas Department of Corrections" (*Id.*, at 1).[1] State agencies, such as the Arkansas Department of Corrections, are not "persons" that can be sued under 42 U.S.C. § 1983. *See Howlett v. Rose*, 496 U.S. 356, 365 (1990); *McDowell v. Dawson*, 221 Fed. Appx. 497, 498 (8th Cir. 2007) (unpublished) (Missouri Department of Corrections was not "person" under § 1983); *Brown v. Missouri Department of Corrections*, 353 F.3d 1038, 1041 (8th Cir. 2004). The Court denies Mr. Natt's request to make this substitution, as it is futile and will not advance his case. The amended complaint provides no information to permit service on Sergeant Howard. To date, Mr. Natt has not provided a valid service address for Sergeant Howard despite the fact that this action has been pending for more than three years.

Upon a *de novo* review of the record, including the Recommended Disposition, the Court finds that Mr. Natt's objections fail to rebut Judge Deere's Recommended Disposition.

### III. Conclusion

For these reasons, the Court adopts the Recommended Disposition in its entirety as this Court's findings in all respects (Dkt. No. 28). It is therefore ordered that:

1. The Court dismisses without prejudice Mr. Natt's complaint for failure to effect service of process within the time allowed;

---

[1] The Court observes, based on its review of subsequent filings, that Mr. Natt may have actually intended to add the Arkansas Department of Corrections as an additional defendant in addition to defendant Mr. Natt. (Dkt. No. 42). This has no impact on the Court's analysis as to the disposition of this case.

2. The Court denies as moot Mr. Natt's motion for appointment of counsel and motion to compel (Dkt. Nos. 37, 41);

3. The Court grants Mr. Natt's motion for copies, and directs the Clerk of Court to send to Mr. Natt along with a copy of this Order and Judgment, copies of the docket sheet in this case as well as Case No. 1:16-cv-00107-JLH-JJV (Dkt. No. 42);

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order and accompanying Judgment would not be taken in good faith.

It is so ordered this 21st day of March, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Court Judge